UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLDAN VIGIL, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>SOFIA VASQUEZ, et al.,<br>　　　　Defendants. | Case No. 17-cv-03167 NC<br><br>**REPORT AND RECOMMENDATION FOR DISTRICT JUDGE TO REMAND CASE TO STATE COURT**<br><br>Re: Dkt. No. 1 |

On June 2, 2017, defendants Sofia Vasquez, Leopoldo Cerritos, and Lorena Urbina Lopez removed an unlawful detainer action filed by plaintiffs Roldan Vigil and Graciela M. Vigil from Monterey County Superior Court. Dkt. No. 1 at 1. The complaint for the unlawful detainer action was not attached to the notice of removal. Defendants filed a complaint for damages against the plaintiffs, alleging claims for habitability violations. *Id.* at 9. The May 2, 2017, complaint for damages against plaintiffs *was* filed with the notice of removal.

A defendant may remove a civil action filed in state court to federal district court where the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal, and place the burden on the defendant to show removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Removal by defendant must occur within 30 days of service. 28 U.S.C. §

Case No. 17-cv-03167 NC

1446(b)(1). A case must be remanded to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, defendants have not provided grounds for finding federal subject matter jurisdiction exists. In the removal notice, defendants state removal is proper because "Defendant's demurrer, a pleading, depend on the determination of Defendant's rights and Plaintiff's duties under federal law, Damages exceeding $75,000.00." Dkt. No. 1 at 2. The Court is unclear whether defendants remove the unlawful detainer case on the basis of diversity or federal question jurisdiction. Thus, the Court will discuss both.

Federal courts have original jurisdiction on the basis of diversity where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). In the notice of removal, defendants state that their damages exceed $75,000.00. Dkt. No. 1 at 2. However, defendants do not allege the parties are diverse. Further, removal is improper on the basis of diversity because according to defendants, the plaintiffs filed the unlawful detainer action in Monterey County Superior Court, and defendants have been living on plaintiffs' Salinas, California property for the past five years. Dkt. No. 1 at 1-2, 11-12. 28 U.S.C. § 1441(b) prohibits removal where a defendant is a citizen of the state in which the plaintiff originally brought the action. Defendants have not met the burden of proving diversity jurisdiction exists.

Defendants likewise failed to allege federal question jurisdiction exists. A defendant in a state court may remove a case to federal court so long as the action could have originally asserted federal question jurisdiction. 28 U.S.C. 1441(a).[1] The burden is on the removing party to prove the basis for the federal court's jurisdiction. *Moore-Thomas*, 553 F.3d at 1244. If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal

---

[1] To the extent that defendants attempt to remove this case on the basis that their demurrer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law," dkt. no. 1 at 2, the Court notes that a federal question must be presented "on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citations omitted). A federal defense to a state court claim does not confer jurisdiction. *Id*.

Case No. 17-cv-03167 NC          2

should not be permitted, the court shall make an order for summary remand." U.S.C. § 1446(c)(4) (emphasis added).

Defendants raised no federal question. "Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." *PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 11-cv-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 11-cv-01894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); and *Wescom Credit Union v. Dudley*, No. 10-cv-08203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)). Defendant Lorena Urbina Lopez attempts to sidestep this requirement by filing a "Notice of Claim of Unconstitutionality" stating that the "California unlawful detainer law fail[s] to provide equal protection of the law afforded in a traditional Agreement between parties in violation of California Constitution [Article] 1, Section 7 and the 14th and 15th Amendments of the United States Constitution." Dkt. No. 2 at 1-2. Defendant Lopez does not mention the substance of the California unlawful detainer statute, California Code of Civil Procedure § 1161, nor does she discuss how the law deprives her or the other defendants of equal protection of the law. It is defendants' burden to show the Court has subject matter jurisdiction over this case, and they have failed to do so. *Moore-Thomas*, 553 F.3d at 1244.

Furthermore, the Court does not know if the removal was timely because defendants did not provide the unlawful detainer complaint. 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within 30 days of receipt by defendant of a copy of the initial pleading "upon which such action or proceeding is based," or of service of summons upon defendant if the pleading was filed in court and is not required to be served upon defendant). Nor did defendants provide the Court with the date on which they were served with the unlawful detainer. Moreover, defendants failed to attach the underlying unlawful detainer complaint to their notice of removal. 28 U.S.C. § 1446 ("defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed

Case No. 17-cv-03167 NC 3

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants").

Lastly, the Court cautions defendants that a defendant who removes a case improperly may be assessed costs under 28 U.S.C. § 1447. In particular, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Because it appears that jurisdiction is lacking, this case should be remanded to state court. However, because neither plaintiffs nor defendants consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this unlawful detainer case be remanded to Monterey County Superior Court. Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: June 26, 2017   _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-03167 NC            4